**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MENDOZA,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>  Defendant. | Case No. 1:13-cv-01543-SMS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>SCREENING ORDER<br><br>(Doc. 2) |

Plaintiff Antonio Mendoza seeks to proceed *in forma pauperis* and *pro se* with an action seeking judicial review of a determination of the Social Security Administration. Plaintiff has submitted a declaration which makes the showing required by 28 U.S.C. § 1915(a), and the request to proceed *in forma pauperis* is granted.

Under 28 U.S.C § 1915(e)(2), the Court must screen any complaint brought *in forma pauperis* to ensure that it states a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). Here, Plaintiff's complaint satisfies this requirement. However, the complaint is very brief and cites the wrong legal doctrine.[1] As this case moves forward, Plaintiff will have the opportunity to write a brief which states his positions in more detail. The Court therefore summarizes the legal standards that apply.

---

[1] In his complaint, Plaintiff cites to 42 USC § 12182. This provision is inapplicable here, as it prohibits discrimination on the basis of disability in the enjoyment of places of public accommodation.

1

To be disabled, a claimant must have impairments which foreclose all meaningful employment for at least twelve months. 42 U.S.C. § 1382c(a)(3). To make this determination, ALJs follow a five-step "sequential evaluation process," stopping once they reach a dispositive finding. 20 C.F.R. §§ 404.1520, 1594(b)(5). The claimant has the burden for the first four steps. *Terry v. Sullivan,* 903 F.2d 1273, 1275 (9th Cir.1990).

The ALJ's sequential process begins with a "*de minimis* screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir.1996). At steps one and two, the ALJ confirms that the claimant is not meaningfully employed and in fact has severe impairments. Once a claimant passes this screening, the remaining steps examine whether she is disabled.

The claimant may prove this in two ways. One way—considered at step three—is to have a condition that is disabling by definition. *See* 20 C.F.R. Pt. 4, Subpt. P, App. 1 (the "listings"). Failing this, she must present evidence of her residual functional capacity ("RFC," the most she can do despite her limitations). The ALJ determines this RFC, then at steps four and five applies this to the world of work. If the claimant's RFC forecloses her past work, and if the Commissioner cannot satisfy her burden to identify a significant number of other jobs that the claimant could learn, then the claimant is disabled.

If the Commissioner finds that the claimant is not disabled, this Court only has a limited ability to review that decision. Specifically, this Court may review only whether the ALJ applied the proper legal standards and made findings supported by "substantial evidence." *Bray v. Comm'r*, 554 F.3d 1219, 1222 (9th Cir. 2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. Where the record as a whole can support either a grant or denial, the Court may not substitute its judgment. *Id*.

## CONCLUSION

For the foregoing reasons, the Court ORDERS:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is GRANTED.
2. The Clerk of Court is DIRECTED to issue summons as to the defendant, Commissioner of Social Security;

3. The Clerk of Court is DIRECTED to issue and serve Plaintiff with Social Security Case Documents, including one copy of this order, one USM-285 form, one summons, a Notice of Submission of Documents form, an instruction sheet, and an endorsed copy of the complaint.

4. Within **thirty (30) days** from the date of this order, Plaintiff shall complete the attached USM-285 form and submit the completed Notice to the Court with the following documents:

    a. One completed summons for the Defendant;

    b. One completed USM-285 form for the Defendant;

    c. One copy of the Order Granting Motion to Proceed In Forma Pauperis; and

    c. One copy of the endorsed amended complaint filed January 19, 2011.

5. Plaintiff should not attempt service on the defendants and should not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the Defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

6. **Failure to comply with this order will result in dismissal of this action**.

IT IS SO ORDERED.

    Dated:   **October 1, 2013**                    **/s/ Sandra M. Snyder**
                                                           UNITED STATES MAGISTRATE JUDGE